# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-024V
### (not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| TERESA VOORS, *as next friend of* W.V., *a minor,* | \* \* \* | Special Master Corcoran |
| Petitioner, | \* \* | Filed: November 15, 2017 |
| v. | \* \* \* | Decision; Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* | |
| Respondent. | \* \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Scott W. Rooney*, Nemes, Rooney, P.C., Farmington Hills, MI, for Petitioner.

*Lynn E. Ricciardella*, U. S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS [1]

On January 6, 2017, Teresa Voors filed a petition on behalf of her minor child, W.V., seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"), alleging that W.V. suffered from encephalitis and/or a developmental delay as a result of his January 8, 2014, measles mumps rubella, Varicella, and Hepatitis A vaccines.[2] However, on September 28, 2017, (and after I had discussed with Petitioner deficiencies in the case) the parties

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

filed a joint stipulation of dismissal (ECF No. 23), and I issued an order concluding proceedings that same day (ECF No. 24).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated November 2, 2017. *See* Motion for Attorney's Fees, dated Nov. 2, 2017 (ECF No. 25) ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $6,350.13 (representing $5,693.50 in attorney's fees, plus $656.63 in costs).[3] *Id.* at 1, Ex. 10. In accordance with General Order No. 9, Petitioner also requests $194.64 for costs she personally incurred in this matter. *Id.* at 10. Respondent filed a document reacting to the fees request on November 3, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 26 at 2-3.

Here, Petitioner requests $300 per hour for Mr. Rooney for work performed in 2016-2017. Fees App. at Exhibit 1. Petitioner also requests rates of $55 per hour for worked performed by paralegals. *Id.* These requested rates are within the appropriate hourly rate ranges established for attorneys with comparable experience and will therefore be awarded. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

The hours expended on this matter appear to be reasonable, and Respondent did not identify any entries as objectionable.[4] The requested litigation costs also appear to be reasonable, and will be awarded.[5]

---

[3] Petitioner's motion for attorney's fees and costs originally requested reimbursement in the total amount of $5,939.13 ($5,693.50 in attorney's fees, plus $245.63 in costs). Upon closer review of the fees application, however, it was apparent that neither Petitioner nor her counsel had requested repayment for the filing fee. My chambers thus contacted Petitioner's counsel who filed a supplemental exhibit to her fees application, representing that an additional $411.00 is requested by Petitioner for costs expended by her counsel. *See generally* Ex. 10. I will incorporate those costs in the present fee application resulting in a new total of $6,350.13 (representing $5,693.50 in attorney's fees, plus $656.63 in costs).

[4] I note that this case alleged a developmental regression injury similar to those unsuccessfully litigated claims in the Omnibus Autism Proceeding (OAP) and numerous other times. Under other circumstances (for example, if counsel had repeatedly pursued autism claims despite my admonitions, and without consideration of their overall poor track record in the Vaccine Program), I would likely not award any final fees herein, because the claim would lack reasonable basis. However, because this is the first instance, in the years following the conclusion of the OAP, in which present counsel has requested final fees in an autism case assigned to me, and because it appears that counsel exercised good billing judgment, and also promptly agreed to dismiss the matter after I raised questions about its viability, I will allow a final fees award. Counsel is admonished that I am unlikely to exercise such leniency with future autism claims he may bring before me, however.

[5] Petitioner's application for fees and costs, although unopposed, relies upon a proposed hourly rate for Petitioner's counsel, Scott Rooney, Esq., who practices in Farmington Hills, Michigan. Petitioner purports that counsel should be paid the hourly rate for a comparably-experienced attorney based upon the prevailing rate in counsel's area consistent with an Attorney Fee Survey schedule. The proposed rate amounts to near the in-forum rates set forth in *McCulloch*

I hereby GRANT Petitioner's motion for attorney's fees and costs. Accordingly, an award of **$6,350.13** should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Scott Rooney, Esq. In addition, an award of **$194.64** should be made in the form of a check payable to Petitioner, Teresa Voors for the costs she personally incurred in the matter. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

*v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Because Respondent does not maintain an objection to the amount of fees and costs sought by Petitioner, and because I find that the total sum requested is reasonable under the circumstances, I do not reach the question of whether Mr. Rooney is entitled to the forum rate under the test established by the Federal Circuit in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008), and this decision therefore does not constitute such a determination.

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.